IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MEI KUAN CHEN,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-3037-TWT

**OPINION AND ORDER**

    This is a wrongful foreclosure case brought against Wells Fargo Bank, N.A. and the Federal National Mortgage Association ("Fannie Mae"). It is before the Court on the Defendants' Motion to Dismiss [Doc. 2]. For the reasons set forth below, the Motion to Dismiss is GRANTED.

**I. Background**

    On May 14, 2004, the Plaintiff obtained a residential loan from Y.K.C. Mortgage. (Am. Compl. ¶ 14.) In connection, the Plaintiff executed a promissory note in favor of Y.K.C., and a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Y.K.C. (Am. Compl. ¶ 14.) Shortly after, the Plaintiff was informed that the Defendant Wells Fargo Bank, N.A. was the new

servicer of her loan. (Am. Compl. ¶ 14.) The Plaintiff fell behind on her payments, and on March 17, 2011, she received a Notice of Foreclosure from Wells Fargo. (Am. Compl. ¶ 16.) The foreclosure sale then took place on May 3, 2011. (Am. Compl. ¶ 18.)

The Plaintiff brought suit, asserting two claims for wrongful foreclosure against Wells Fargo Bank, N.A. and the Federal National Mortgage Association ("Fannie Mae"). First, the Plaintiff claims that the Notice of Foreclosure did not satisfy Georgia statutory requirements. Second, the Plaintiff claims that Wells Fargo did not have a right to foreclose because the security deed was invalid. Specifically, the Plaintiff argues that the initial security deed executed in favor of MERS was void because it impermissibly required MERS to act as a corporate fiduciary. The Plaintiff seeks both damages and equitable relief. The Defendants move to dismiss.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling

on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

"[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1368 (11th Cir. 1997). However, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Id. at 1369.

### III. Discussion

"In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Racette v. Bank of Am., N.A., 318 Ga. App. 171, 174 (2012) (internal quotation marks omitted).

The Plaintiff first claims that the Notice of Foreclosure that she received from Wells Fargo did not satisfy Georgia statutory requirements. Under Georgia law, a notice of foreclosure "shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." O.C.G.A. § 44-14-162.2(a). "[T]he statute does not require that notice letters must identify the security creditor." Carr v. U.S. Bank, NA, 534 Fed. Appx. 878, 881 (11th Cir. 2013). "The only entity that [has] to be identified in the Notice [is] the one with the full authority to negotiate, amend, or modify the terms of the loan, and that could be the deed holder, note holder, attorney, or servicing agent." Harris v. Chase Home Fin., LLC, 524 Fed. Appx. 590, 593 (11th Cir. 2013). "Where a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor in accordance with OCGA § 44-14-162 et seq., the debtor may either seek to set aside the foreclosure or sue for damages for the tort of

wrongful foreclosure." Roylston v. Bank of Am., N.A., 290 Ga. App. 556, 559 (2008). Here, the Plaintiff alleges that the Notice only included the requisite information for Wells Fargo, and that Wells Fargo lacked full authority to negotiate, amend, and modify all terms of her mortgage. However, even assuming that the Plaintiff has sufficiently alleged both a duty and a breach, the Plaintiff's claim fails because she may not receive the relief requested.

The Plaintiff cannot receive damages because she has not sufficiently alleged causation. "[E]ven where a borrower has established duty and breach of duty, it still needs to show a causal connection between the defective notice and the alleged injury." Heritage Creek Development Corp. v. Colonial Bank, 268 Ga. App. 369, 371 (2004); see also Calhoun v. First Nat. Bank v. Dickens, 264 Ga. 285, 286 (1994) ("The bank's failure to provide proper notice constituted a breach of [a] duty . . . [h]aving established duty and breach, however . . . [the plaintiff] still needed to show a causal connection between the lack of notice and the alleged injury."). The Plaintiff has failed to allege "how the end result would have been different" if she had received a statutorily sufficient notice of foreclosure.[1] Id. at 372. In response, the Plaintiff argues that "the Defendants' argument is predicated on the idea that a borrower's

---

[1] The Plaintiff does not, for example, allege that she would have been able to cure her default, nor does she allege that she would have been able to successfully petition for a loan modification.

alleged injury - foreclosure - can never be proximately caused by a lender that utterly fails to abide by the notice requirements . . . because foreclosure would be the end result regardless." (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 25-26.) This is incorrect. The Defendants recognize that proximate causation is possible, they merely argue – correctly – that the Plaintiff has failed to sufficiently allege causation here.

Additionally, the Plaintiff's claim for equitable relief fails because she does not allege that she tendered the amount due on her loan. "Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed . . . [she] must pay or tender to the creditor the amount of principal and interest due . . . [n]either fraud nor poverty constitute an equitable excuse for failure to tender." Hill v. Filsoof, 274 Ga. App. 474, 475-76 (2005) (internal quotation marks omitted). The Plaintiff argues that "tender is not required where a completed foreclosure sale is void due to an improper act by a party to the suit." (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 27.) But Georgia courts routinely require plaintiffs to make sufficient tender before they may have a foreclosure sale set aside due to an alleged defect in the foreclosure process.[2] See, e.g., Berry v.

---

[2] The Plaintiff cites to Benedict v. Gammon Theological Seminary, 122 Ga. 412 (1905) to support her claim. To the extent that the Plaintiff's reading of Benedict is accurate, that decision – issued over a century ago – is contradicted by far more recent authority from Georgia courts.

Government Nat. Mortgage Ass'n, 231 Ga. 503 (1973) (rejecting the plaintiff's request to have a foreclosure sale set aside on the basis of improper advertising because she did not "tender the amount due under the security deed and note."); Massey v. National Homeowners Sales Serv. Corp. of Atlanta, 225 Ga. 93, 99 (1969) ("In order to set aside the sale on any ground asserted by its pleadings other than the lack of authority to make the deed, or the foreclosure of the deed prior to its due date, it was incumbent on the appellee to make a proper tender of the amount of the debt due."); Ceasar v. Wells Fargo Bank, N.A., 322 Ga. App. 529, 532-33 (2013) ("[P]ayment or tender of the principal and interest due on [a] loan [is] a prerequisite to [a] claim to set aside [a] foreclosure sale . . . [s]ince the Ceasars admittedly fell behind on their mortgage payments, and they did not tender the balance due on their loan, the trial court did not err in dismissing their wrongful foreclosure claim.").

The Plaintiff then argues that she is not indebted to Wells Fargo. (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 27.) This argument is without merit. The Plaintiff concedes that Wells Fargo is the servicer of her loan and thus responsible for receiving payments. (Am. Compl. ¶ 47) ("WELLS FARGO was in all likelihood the servicer on Chen's loan for FNMA."). Accordingly, the Plaintiff's wrongful foreclosure claim for inadequate notice should be dismissed.

The Plaintiff's second claim is that Wells Fargo did not have a right to foreclose. "A claim for wrongful exercise of a power of sale under OCGA § 23-2-114 can arise when the creditor has no legal right to foreclose." DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 449 (2008). The Plaintiff argues that the initial security deed executed in favor of MERS was void because it required MERS to act as a corporate fiduciary in violation of O.C.G.A. § 7-1-242(a).[3] Consequently, the Plaintiff argues, there was no valid security deed to assign to Wells Fargo. "The Plaintiffs' novel argument has not been accepted by any other courts." Dunn v. BAC Home Loan Servs., L.P., No. 1:12-CV-1047-TWT, 2013 WL 1755808, at *2 (N.D. Ga. Apr. 23, 2013); see also Metellus v. Bank of Am., N.A., No. 1:12-CV-1947-CC-GGB, 2012 WL 7763041, at *3 (N.D. Ga. Nov. 2, 2012) ("This identical claim has been repeatedly rejected by this Court.") report and recommendation adopted, No. 1:12-CV-1947-CC-GGB, 2013 WL 1129399 (N.D. Ga. Mar. 19, 2013); Chester v. Bank of America, N.A., No. 1:11-CV-1562-MHS-GGB

---

[3] "The crux of Plaintiff's complaint appears to be that because MERS, under the terms of the Security Deed, acted as a corporate fiduciary but was not registered with the Georgia Department of Banking and Finance as a fiduciary . . . the Security Deed is . . . an illegal contract void ab initio, against Georgia public policy, and MERS correspondingly had nothing to assign to [Wells Fargo]." Metellus, 2012 WL 7763041, at *3.

(N.D. Ga. Feb. 21, 2012), report and recommendation adopted, No. 1:11-CV-1562-MHS (N.D. Ga. Mar. 29, 2012). In <u>Dunn</u>, this Court explained:

> The Court is not convinced by the Plaintiffs' argument that MERS is an illegal corporate trusteeship. The Plaintiffs rely upon O.C.G.A. § 7-1-242(b), which includes "[a]ccepting or executing trusts or otherwise acting as a trustee" . . . and "[a]dministering . . . possess[ing], purchas[ing], sell[ing], leas[ing], insur[ing], safekeep[ing], manag[ing], or otherwise oversee[ing]" "real or tangible personal property" as conduct constituting acts of a fiduciary. Transferring the rights and interests in a security deed by way of assignment does not fall within the range of activities of a fiduciary contemplated by O.C.G.A. § 7-1-242. . . . MERS does not conduct any of the tasks listed in O.C.G.A. § 7-1-242. The Plaintiffs have not identified any courts that state that transferring the rights and interests in a promissory note and security deed constitutes "administer[ing] real or tangible property." The Security Deed identifies MERS as a "nominee." Georgia courts have approved of MERS acting as a conduit for electronic transfers of mortgage loans. <u>See</u>, e.g., <u>Taylor, Bean & Whitaker Mortg. Corp. v. Brown</u>, 276 Ga. 848 n. 1, 583 S.E.2d 844 (2003).[4]

<u>Dunn</u>, 2013 WL 1755808, at *2. Accordingly, the Plaintiff's wrongful foreclosure claim for lack of a right to foreclose should be dismissed.

---

[4] Additionally, the Plaintiff's allegations do not support her argument that an express or resulting trust was created. To establish an express trust, the settlor must intend to create a trust. <u>See</u> <u>Cronic v. Baker</u>, 284 Ga. 452, 453 (2008); O.C.G.A. § 53-12-20(b)(1). The Plaintiff never alleges that she had such an intention here. Further, the Plaintiff does not allege that this case presents any of the circumstances under which a resulting trust may be found as per O.C.G.A. § 53-12-130.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 2].

SO ORDERED, this 27 day of February, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge